| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

JOHNNY SHAW, §
　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:11-CV-152
　　　　　　　　　　　　　　　§
DENNIS AGRICOLA, *et al.*, §
　　　　　　　　　　　　　　　§
　　　　Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Johnny Shaw, a prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983[1] against Dennis Agricola, Amanda Hensley, Prasad Surapeneni, Kathie Vines, Christina Savant, Elizabeth Lacy, Regina Criswell, David Onuora, Oscar Currie, and Robert Toups.

### Factual Background

Plaintiff alleges he broke his finger on August 28, 2010. Plaintiff alleges he sought medical treatment on September 20, 2010, and that defendant Currie ordered surgery in October of 2010. Plaintiff alleges the surgery was delayed until December 6, 2010, due to scheduling issues created by defendants Agricola, Hensley, Surapaneni, Vines, Savant, Lacy, Criswell, and Onuora. Plaintiff alleges he was administered general anesthesia on the day of surgery, but defendants Currie and Toups decided not to proceed with the operation.

---

[1] In his original complaint, plaintiff also raised claims pursuant to the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The defendants are not federal employees, they are contract workers employed by an agency of the State of Texas. Therefore, the civil rights claims are properly construed as arising under § 1983. Plaintiff's FTCA claims fail because plaintiff did not name the United States as the defendant. *Atorie Air, Inc. v. Federal Aviation Administration*, 942 F.2d 954, 957 (5th Cir. 1991).

Defendants' Motion for Summary Judgment

Defendants Agricola, Criswell, Hensley, Lacy, Surapeneni, and Vines moved for summary judgment. The defendants argued that the evidence did not demonstrate they were deliberately indifferent to plaintiff's serious medical needs. The motion for summary judgment was construed as a motion filed on behalf of the unserved defendants, and plaintiff was given an opportunity to respond to the motion. *See* FED. R. CIV. P. 56(f).

Defendants submitted portions of plaintiff's medical records in support of the motion for summary judgment. Plaintiff's medical records reflect that he injured his right middle finger before he was transferred to the penitentiary in Beaumont, and that he did not receive treatment at the time of the injury. Exhibit A to Defendants' Motion for Summary Judgment (Ex. A) at 3. On September 21, 2010, plaintiff had a medical appointment at the Beaumont penitentiary with Carlos Mier, a mid-level provider. Ex. A at 3. Mr. Mier noted that an x-ray showed the finger was fractured, and he applied a splint to the finger and requested a consultation with an orthopedist. Ex. A at 3-4. Plaintiff was released from the clinic with housing and work restrictions. Ex. A at 4.

Plaintiff returned to the clinic on September 28, 2010 complaining of pain. Ex. A at 6. Plaintiff was examined by defendant Onuora, a Physician's Assistant, who ordered a splint, referred plaintiff to an orthopedist, and continued plaintiff on pain medication. Ex. A at 7.

On October 16, 2010, plaintiff was examined in the clinic by defendant Criswell, a Registered Nurse. Ex. A at 8-11. Defendant Criswell advised plaintiff that his orthopedic referral had been approved, she reapplied his splint, and she advised him to continue taking his pain

medication. Ex. A at 10. Defendant Criswell also scheduled an appointment with a provider to evaluate plaintiff's pain medication. Ex. A at 10.

Plaintiff was brought to the Beaumont Bone and Joint Clinic for an evaluation on October 26, 2010. Ex. A at 12. Additional diagnostic tests were recommended, but no other changes were made to plaintiff's treatment plan, and he was continued on the same pain medication. Ex. A at 12-13.

Plaintiff went to the penitentiary clinic on November 1, 2010, complaining of pain in his fingers. Ex. A at 17. Plaintiff was examined by a nurse who noted that plaintiff would be scheduled for surgery. Ex. A at 17. On November 18, 2010, plaintiff filed a prisoner request complaining that he had broken fingers. Defendant Criswell advised plaintiff to go to nurse sick call if he was still having problems. Ex. A at 22.

On December 6, 2010, plaintiff was brought to the Beaumont Bone and Joint Clinic for surgery. Ex. A at 23. The orthopedic surgeon determined that the fracture had healed and no further treatment was necessary. Ex. A at 23. Plaintiff was returned to the penitentiary with instructions to increase his activity and to move his fingers and make a fist several times every hour. Ex. A at 24.

Plaintiff returned to the penitentiary clinic complaining of finger pain on December 14, 2010. Defendant Agricola, a Nurse Practitioner, referred plaintiff to physical therapy, ordered an x-ray, and continued plaintiff's pain medication. Ex. A at 26-27.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the

3

movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

<u>Analysis</u>

Plaintiff alleges he received inadequate medical treatment, in violation of the Eighth Amendment of the United States Constitution. Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison medical staff or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001).

4

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Plaintiff must also demonstrate that the defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; plaintiff must establish that the defendants were aware of an excessive risk to plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Under exceptional circumstances, a defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 842; *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally

treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The competent summary judgment evidence shows that the defendants were not deliberately indifferent to plaintiff's serious medical needs. The medical records reflect that the injury occurred several weeks before plaintiff arrived at the Beaumont penitentiary, and that plaintiff had not received any medical treatment prior to his transfer to Beaumont. After he arrived in Beaumont, plaintiff was evaluated by the medical staff on multiple occasions, x-rays were taken, pain medication was prescribed, and plaintiff was referred to an orthopedic surgeon outside the prison system. Ultimately, the orthopedic surgeon determined that surgery was not necessary because the fractured finger had healed. When plaintiff continued to complain of pain and reduced function in his finger, the medical staff prescribed pain medication and ordered physical therapy.

Although he received a significant amount of medical care, plaintiff is dissatisfied with the treatment he received because he continues to have reduced function in his finger. However, an inmate's dissatisfaction or disagreement with his medical treatment is insufficient to show the defendants were deliberately indifferent to his serious medical needs. Therefore, defendants' motion for summary judgment should be granted.

**ORDER**

For the reasons set forth above, defendants' motion for summary judgment (#47) is **GRANTED**. A final judgment will be entered in accordance with this memorandum opinion and order.

**So ORDERED and SIGNED this 25th day of September, 2017.**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE